THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VICENTE RIVERA VALPAIS, Defendant and Appellant.

No. 13190.   Argued May 24, 1948.—Decided May 26, 1948.

*Agustín E. Font* for appellant.   *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

---

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The only error alleged by the appellant in this appeal is that the lower court erred in overruling his motion for the dismissal of the case, pursuant to § 448 of the Code of Criminal Procedure. The facts are the following:

On January 25, 1943 two informations were filed against appellant in the lower court for the offenses of voluntary manslaughter and carrying prohibited weapons. When appellant was arraigned he pleaded not guilty and moved that both cases be tried together thereby "waiving his right to a speedy trial in the case of carrying weapons." It was not until February 6, 1946 that the case for voluntary manslaughter [1] was tried and at the commencement thereof and when the clerk also called the case for carrying weapons, the judge asked: "Is it stipulated that both cases be tried together?" To which the defendant answered: "As to the case of carrying weapons we are going to present a certain motion; I believe that the evidence is the same, but we are going to file a certain motion." Notwithstanding this, the defendant did not file any motion until after all the evidence had been introduced and when the jury withdrew to deliberate in the case of voluntary manslaughter then he made an oral motion seeking the dismissal of the case for carrying weapons on the ground that more than one hundred and twenty days had elapsed since the filing of the information.

This motion was filed too late. We have decided that delay in filing a motion for dismissal under § 448 of the Code of Criminal Procedure does not destroy the right of the accused to file it "at any time before the trial of the case." *People* v. *Ayala,* 19 P.R.R. 888, ratified in *People* v. *Díaz,* 60 P.R.R. 528. It is obvious that a motion of this kind

---

[1] On December 18, 1945, at the request of the defendant, the information in that case was dismissed, but the District Attorney filed a new information. The defendant did not seek the dismissal of the case for carrying weapons but it appears from the minutes that it was stipulated that the case for carrying weapons be tried together with the felony case.

when filed after the trial of the manslaughter case, with which it was stipulated to submit that for carrying weapons, is too late since it should have been filed before the trial of the case. Although the lower court dismissed the motion on another ground—that the defendant waived his right to a speedy trial and sought that the case be tried together with that for manslaughter—we deem it unnecessary to consider whether or not the court erred, inasmuch as having reached the conclusion that defendant's motion was presented too late there is no need to pass upon any other question.

The judgment is affirmed.

Mr. Justice De Jesús did not participate herein.